THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Richard W. Mear, SBN 024739
rmear@cavanaghlaw.com
Tyler B. Sankey, SBN 034753
tsankey@cavanaghlaw.com
Attorneys for Defendant Chaplain Michael Whitaker

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaykh Muhammad Abdul Aziz Khalid Bin Talal Al Saud,<br><br>                              Plaintiff,<br><br>v.<br><br>Mark Lamb, et al.,<br><br>                              Defendants. | No. CV18-04890-PHX-SPL (JFM)<br><br>**DEFENDANT CHAPLAIN MICHAEL WHITAKER'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Assigned to Hon. James F. Metcalf)<br><br>***Oral Argument Requested*** |

Defendant Chaplain Michael Whitaker, by and through undersigned counsel, hereby submits his Reply to Plaintiff's Response to his Motion to Dismiss ("the Motion"), and Defendant respectfully requests that Plaintiff's case be dismissed in its entirety as the Response fails to overcome the arguments made in the Motion.

I.     **PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND HIS COMPLAINT MUST BE DISMISSED.**

Plaintiff failed to exhaust administrative remedies. As explained in the Motion, and unrefuted in the Response, Plaintiff admits that he did not make any appeal related to his claims and his allegations that he was denied access because there was an "error in [sic] system" and that he was not allowed to "challenge or appeal any decisions" by Lieutenant

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Hull cannot be accepted as true. *See* Dkt 1 at 4-5; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (stating that a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Here, Plaintiff failed to wait five *full* working days for a response from the Grievance Officer per Jail policy and took zero appeals of any Jail decisions prior to filing his Complaint. *See* Internal Formal Complaint Resolution Request at 4, attached hereto as Exhibit A. His complaint must be dismissed. *See* 42 U.S.C. § 1997e(a) (holding that no action shall be brought under section 1983 or any other federal law until administrative remedies are exhausted); *Mubita v. Latah County Jailers*, 416 Fed. Appx. 628, 629 (9th Cir. 2011) (affirming district court's dismissal of plaintiff prisoner's action alleging constitutional violations for confinement conditions and medical treatment because he failed to exhaust administrative remedies). Plaintiff does not dispute this point.

## II. PLAINTIFF'S §1983 ACTION FAILS AND DISMISSAL IS WARRANTED BECAUSE THERE IS NO ALLEGATION THAT HE IS A STATE ACTOR OR THAT HE ACTED UNDER STATE LAW.

Plaintiff failed to allege that Chaplain Mike is a state actor or that he violated his constitutional rights under the color of state law. *Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir. 1998) (affirming the dismissal of plaintiff's complaint because he failed to allege any facts that would support his allegations that the defendants violated his constitutional rights); *see also Gammon v. Pima County*, 06-CV-262-TUC-JMR, 2006 WL 8440861, at *2 (D. Ariz. Dec. 7, 2006). Plaintiff did not allege that Chaplain Mike is an employee of the Pinal County Jail[1] or that Chaplain Mike was acting under color of state law, so the claims must be dismissed. Plaintiff does not dispute this point.

---

[1] Chaplain Mike's employer, Good News Jail and Prison Ministry, contracted with the Jail to provide services. *See* Award of Religious Coordinator Services, attached hereto as Exhibit B and Request for Quote Statement of Work, attached hereto as Exhibit C.

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

### III.    COUNT TWO OF THE COMPLAINT FAILS AS A MATTER OF LAW.

Plaintiff's Count Two First Amendment Free Exercise, RLIUPA, and state law claims pertaining to his halal meal allegations all fail as a matter of law.

#### A.    Chaplain Mike cannot be liable for the Jail's religious diet, articles, and services policies.

Even if Plaintiff did exhaust administrative remedies and Chaplain Mike is considered a State actor, Plaintiff's religious diet, articles and services claims all still fail against Chaplain Mike because Plaintiff failed to allege that Chaplain Mike had authority to alter or any involvement in creating the Jail's policies regarding religious diets, articles, or services (which he did not) and he also failed to allege that Chaplain Mike created the religious diet plans (which he did not). *See* Jail's Inmate Program and Services at 2-5, attached hereto as Exhibit D. Accordingly, § 1983 liability cannot be imposed upon Chaplain Mike. *See Shabazz v. Giurbino*, 111CV01558DADSABPC, 2017 WL 2671082, at *1 (E.D. Cal. June 21, 2017) (dismissing warden, associate warden, community resource manager and correctional food manager from Muslim prisoner's lawsuit when they were not involved in the creation of the diet plan of which the plaintiff complained and each had no authority to revise the prison's policies regarding the diet plan and holding that liability under § 1983 could not be imposed). Plaintiff does not dispute this point.

#### B.    Plaintiff's religious diet Free Exercise and RLUIPA claims fail.

Plaintiff failed to allege that he was provided a diet option that was haram (forbidden). Plaintiff also failed to allege that Chaplain Mike had any authority to create or revise existing diet options. Additionally, Plaintiff did not allege that he could not have contacted an outside organization to provide halal meat acceptable to his standards.

As stated in the Motion, an inmate is only entitled to a meal that does not cause him to violate his religion. In other words, Plaintiff was only entitled to a meal that was

3

not haram (impermissible under Islamic law). *See Cloyd v. Dulin,* No. 3:12–CV–1088, 2012 WL 5995234, at *4 (M.D.Tenn. Nov. 30, 2012) (dismissing plaintiff's claim because "Muslim prisoners do not have a right under the First Amendment or [] RLUIPA to be provided [H]alal meat entrees; rather, a correctional facility need only provide Muslim prisoners with food that is not haram."); *Robinson v. Jackson*, 615 Fed. Appx. 310, 313 (6th Cir. 2015) (affirming judgment on the pleadings in favor of prison and holding that plaintiff failed to state First Amendment and RLUIPA claims as a matter of law when he was provided a vegetarian diet which was deemed halal and holding that "there is no constitutional right for each prisoner to be served the specific foods he desires – such as [h]alal meat – in prison."). Accordingly, Plaintiff does not allege sufficient facts to sustain his First Amendment or RLIUPA claims. Plaintiff also does not dispute this point.

**C.    Plaintiff's Arizona Free Exercise of Religion Act claim fails as a matter of law**.

Plaintiff's Arizona Free Exercise of Religion Act claim fails as a matter of law because Chaplain Mike is not a "government" within the meaning of the Act. *See* A.R.S. § 41-1493.01(b) (stating that "government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability."). Because Plaintiff has not named the State as a party, or "any agency or political subdivision of the State," his A.R.S. § 41-1493.01 claim fails. *See Merrick v. Ryan*, 1 CA-CV 14-0639, 2015 WL 5657296, at *2 (App. Sept. 24, 2015). Further, Plaintiff fails to allege that his diet allegations are the result of state or local laws or ordinances and he thus fails to state a claim under A.R.S. § 41-1493.01. *See* A.R.S. § 41-1493.02. Plaintiff does not dispute this point.

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

## IV.    COUNT THREE OF THE COMPLAINT FAILS AS A MATTER OF LAW.

Plaintiff's Count Three First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims pertaining to his religious articles and services allegations all fail as a matter of law.

### A.    Plaintiff's religious articles Free Exercise claim fails and his Response's additional averments must not be considered.

Plaintiff's *Complaint* did not allege that Chaplain Mike possessed Plaintiff's requested religious articles but denied them to him. Plaintiff's *Complaint* also did not allege that he was denied the opportunity to obtain religious articles on his own by soliciting religious organizations. Now that Chaplain Mike has pointed out the various deficiencies of Plaintiff's claims and averments, Plaintiff has alleged additional facts in Response to attempt to save this claim. Plaintiff's Response states that "Chaplain Mike refuse [sic] issue me holy Quran or authorize me have one sent in from Islamic Center source or have one drop off by and [sic] Muslim clergy…" and also "assert Chaplain Mike refuse and offer bibles and demand me stop worship evil and accept Jesus… Mike went on they compel me towards Christian views and stated want obtain anything that's not this." Plaintiff's Response further alleges that Chaplain Mike "possess [sic] numerous Qurans and other Islamic materials he could have issue to Plaintiff so could meet sincerely held believe ..."

This is impermissible and Plaintiff may not seek to amend his Complaint through opposition to the Motion. *See Jones v. Medtronic*, 89 F. Supp. 3d 1035, 1052 (D. Ariz. 2015), *overruled on other grounds* (holding that complaints may not be amended through an opposition to a motion to dismiss); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984); *see also Frederico v. Home Depot,* 507 F.3d 188, 201–02 (3d Cir.2007) ("we do not consider after-the-fact allegations in determining the sufficiency of

her complaint under Rules 9(b) and 12(b)(6).”); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir.1989) (allowing a party to amend in a brief “would mean that a party could unilaterally amend a complaint at will”). Accordingly, Plaintiff’s additional allegations in his Response cannot be considered and this claim must be dismissed.

### B.    Plaintiff’s religious services First Amendment and Equal Protection claims fail.

Plaintiff failed to allege that Chaplain Mike acted with any intent or purpose to discriminate against him for being a Muslim, which is enough to dismiss his Equal Protection claim entirely. *Hartmann v. California Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (dismissing plaintiffs’ Equal Protection claim when plaintiffs failed to support their claim with facts plausibly showing that prison administration discriminatorily denied their requests for a paid full-time Wiccan chaplain). Accordingly, Plaintiff fails to state an Equal Protection claim and this claim must be dismissed as a matter of law.

Additionally, because neither the Jail nor Chaplain Mike were required to provide Plaintiff with a chaplain of his choice under the First Amendment, that claim also must be dismissed. *See Hartmann*, 707 F.3d at 1123 (holding that plaintiffs’ complaint did not contain sufficient facts supporting a cognizable legal theory under the Free Exercise Clause because “it is well-settled that the First Amendment does not require prison administration to provide inmates with the chaplain of their choice.”). Plaintiff does not dispute either point.

### C.    Chaplain Mike is Entitled to Qualified Immunity.

Even if Plaintiff’s claims somehow stand (they do not), and although Chaplain Mike denies that he is a government actor or that he violated Plaintiff’s constitutional rights in any way, if the Court finds that he is and that he did, Chaplain Mike would be

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

entitled to qualified immunity for the reasons stated in the Motion. As such, Chaplain Mike would be entitled to qualified immunity against Plaintiff's claim for compensatory damages if his claims somehow survived dismissal.

**D.** **Plaintiff's Claim for Declaratory Relief is Moot Because He Was Transferred to Another Correctional Facility**.

Plaintiff's claim for declaratory relief[2] is moot given that he was transferred to another correctional facility since the filing of the Complaint. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) *citing Rhodes v. Stewart,* 488 U.S. 1, 2-4, 109 S.Ct. 202 (1988) (per curiam). Accordingly, Plaintiff's claim for declaratory relief must be dismissed with prejudice.

**III.** **CONCLUSION**

Based on the foregoing, Chaplain Mike respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

DATED this 30th day of December, 2019.

THE CAVANAGH LAW FIRM, P.A.

By: /s/ *Tyler B. Sankey*
Richard W. Mear
Tyler B. Sankey
Attorneys for Defendant Chaplain Michael
Whitaker

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed copy to the following party via U.S. First Class Certified Mail:

Shaykh Muhammad Abdul Aziz Khalid Bin Talal Al Saud,
Inmate No. 108844
SMU Unit
P.O. Box 4000
Florence, AZ  85132

/s/ *Darlene Dahl*

---

[2] This Court has already dismissed Plaintiff's claim for injunctive relief. *See* Dkt 8 at 7.

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000